Daniel K. JOHNSON, Appellant,

v.

Kenneth McLEAN, Appellee.

No. 18057.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1982.

Daniel K. Johnson, pro se.
Kenneth McLean, Houston, for appellee.

Before SMITH, BASS and DUGGAN, JJ.

DUGGAN, Justice.

This is an appeal from a summary judgment dismissing a pro se suit filed by a penitentiary inmate against his former attorney. In his original petition, appellant

Daniel K. Johnson alleged that his attorney, appellee Kenneth McLean, had rendered incompetent and negligent legal services in his representation of appellant in a criminal proceeding for aggravated rape. Appellant sought damages in the amount of $5,000,000 and a rescission in equity of the original employment contract, such as to require a refund in full of the attorney's fees paid by him to appellee. The trial court granted appellee's motion for summary judgment on the ground that appellant's action was barred by the two-year statute of limitations. We affirm the judgment.

Following his jury trial and conviction, appellant's motion for new trial was overruled, and he was sentenced on November 15, 1977 to a term of life in the Texas Department of Corrections. Upon proof of appellant's indigency, the trial court initially appointed appellee to represent appellant on appeal, but substituted other counsel on February 2, 1978. The Court of Criminal Appeals subsequently affirmed the conviction.

Appellant, while imprisoned, filed his lawsuit against appellee on December 30, 1977, some 45 days after his sentencing and notice of appeal in the criminal case, and included with his petition a pauper's affidavit for costs of the suit and process. The District Clerk of Harris County contested appellant's pauper's affidavit by affidavit filed January 23, 1978. The County Attorney of Harris County, who represents the District Clerk in such proceedings, made no request for a hearing on the contest. In June of 1980, appellant moved to dismiss the Clerk's contest. A hearing was held on September 29, 1980, almost twenty-nine months after the initial filing of the suit, at which the trial court dismissed the Clerk's contest and allowed appellant, as plaintiff, to proceed as a pauper. Citation was issued October 12, 1980 and the appellee was served November 18, 1980, some three years after appellant's alleged cause of action arose. Appellee's motion for summary judgment was filed January 19, 1981, which asserted that more than two years had elapsed from appellant's sentencing until the service of citation. Appellant, in his controverting affidavit opposing appellee's motion for summary judgment, urged that he had informed appellee by letter in January of 1978 that he had filed suit against him for his alleged incompetent representation of appellant during the criminal trial. The trial court's order granting summary judgment found that there was no genuine issue of any material fact, that the plaintiff's cause of action had accrued more than two years before the commencement date of the suit, and that the same was barred by limitation.

On appeal, appellant urges that the trial court erred in rendering summary judgment against him because his imprisonment tolled the two-year statute of limitation under the provisions of article 5535, V.A. T.S.

■ Following the allegations in appellant's original petition of appellee's negligence and appellant's resulting damages, appellant prayed for an equitable rescission of the contract and a refund of all fees paid. However, we note that rescission is not a remedy for a completed contract in absence of fraud, and despite appellant's dissatisfaction, the employment contract had been entirely performed. See, for example, *Crabtree v. Burkett*, 433 S.W.2d 9 (Tex.Civ.App.—Beaumont 1968, n.w.h.). The only possible cause of action expressed in appellant's petition is one alleging negligence and damages. The applicable statute of limitation would be article 5526, sec. 6, V.A.T.S., which reads:

There shall be *commenced* and *prosecuted* within *two* years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following descriptions:

\*     \*     \*     \*     \*     \*

6. Action for injury done to the person of another. (emphasis added).

Although appellant filed his suit on December 30, 1977, only forty-five days after his sentencing, appellee was not served with citation until November 18, 1980, nearly three years later.

Our concerns in the disposition of this appeal are: (1) whether the two-year statute of limitations was tolled under the provisions of art. 5535, the "tolling" statute, because of appellee's imprisonment during this period; and if not, (2) whether the appellant's failure to have the appellee served with citation within the two-year period may be excused as an unavoidable delay caused by the fact that a contest to the appellant's pauper's affidavit was filed and that a hearing was not held on the matter until after the two-year period had expired. Stated otherwise, our concern is whether the appellant has shown due diligence in obtaining service of citation upon the appellee if art. 5535 does not apply.

The appellant contends that his imprisonment tolled the running of the statute of limitations under the provisions of art. 5535, which reads:

> If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues ... a person imprisoned ..., the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title.

Since the case of *Lasater v. Waites*, 67 S.W. 518 (Tex.Civ.App.1902), *rev'd on other grounds*, 95 Tex. 553, 68 S.W. 500 (1902), in which art. 5535 was first construed, there have been few Texas cases interpreting this statute in situations similar to the case at hand. In *Lasater*, the Court of Appeals applied art. 5535 to toll the statute of limitations applicable to a prisoner's civil suit during the period that the prisoner had been in the penitentiary.

Appellant cites *Miller v. Smith*, 431 F.Supp. 821 (N.D.Tex.1977), *vacated and remanded*, 615 F.2d 1037 (5th Cir. 1980) rev'd. per curiam 625 F.2d 43 (5th Cir. 1980), and *Board of Regents of S.U.N.Y. v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), but the question in both *Tomanio* and *Miller* was whether federal courts must apply state tolling provisions when they borrow state statutes of limitations, and not whether state courts must apply their own tolling provisions. The apparent trend of decisions in federal courts applying art. 5535 is that it should apply only to those prisoners who suffer under actual disabilities and who are unable to prosecute their civil suits from prison. In *Stephens v. Curtis*, 450 F.Supp. 141 (S.D.Tex.1978), which held that the Texas statute of limitations applicable to an inmate's civil rights action against a police officer was not tolled by art. 5535, the court stated that:

> At common law, a convicted felon was civiliter mortus (civilly dead) and therefore did not have the legal capacity to prosecute a suit. The Texas Penal Code originally codified the common law rule, but the Code no longer contains provisions for forfeiture of civil or political rights as a possible penalty for criminal conviction.

> \*        \*        \*        \*        \*        \*

> The outdated assumption upon which the 1897 tolling provision for prisoners is based is wholly inconsistent with the court's present experience.

450 F.Supp. at 143.

In *Blum v. Elkins*, 369 S.W.2d 810 (Tex. Civ.App.—Waco 1963, no writ), the appellant sued the defendants for rescission and cancellation of a contract and damages after his release from prison. The defendants raised the two-year statute of limitations in their defense. The evidence disclosed that although the appellant was imprisoned for over two years, he knew four weeks before he went to the penitentiary that he would have to file suit. The court held that the appellant's subsequent imprisonment did not toll the running of the statute of limitations. The *Blum* decision is in line with the rationale that if a prisoner had actual opportunity to prosecute a civil suit, the statute of limitations is not tolled by art. 5535.

■ Appellant's position is that inasmuch as he was in prison during the time the limitations normally would have run without his disability, the statute of limitations was tolled and could not run against him.

Certainly the very wording of art. 5535 sets out imprisonment as a disability tolling the statute of limitations for commencement of an action. However, appellant here filed suit on a pro se basis despite such disability, and would now seek to utilize this tolling statute to negate the requirements of due diligence in prosecuting and pursuing his lawsuit. The case of *Jenkins v. State*, 570 S.W.2d 175 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), cited by appellant as controlling authority, correctly holds that under art. 5535, a party injured during imprisonment may commence an action for personal injuries upon his release from prison without regard to any running of the statute of limitations prior to his release. The statute would begin to run from the date the disability was removed. *Jenkins*, however, does not address the more narrow and governing fact situation presented here, where a legally disabled party timely files suit despite the existence of the legal disability.

■ Clearly, the purpose of art. 5535 is to protect a legally disabled party who has no access to the courts, and to insure that his right to bring suit will not be precluded by the running of a limitations statute prior to the removal of his disability. *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153 (Tex.Civ. App.—Dallas 1980, no writ).

■ The reasonable purpose of a tolling statute is that of a shield, not an offensive weapon. To interpret such a statute otherwise would be to establish prisoners as a preferred class of litigants, authorized to initiate and conduct litigation on a schedule of their own choosing. Having affirmatively taken on the role of a litigant pro se, and having undertaken to obtain service by compliance with the pauper's affidavit in lieu of cost, appellant made himself liable to statutory requirements imposed on all litigants to proceed with due diligence. We note that appellant makes no contention in either his pleadings opposing summary judgment or in his appellate brief that he was denied access to the courts once he commenced suit pro se. Rather, he insists that art. 5535 operates absolutely. We hold

that inasmuch as appellant timely filed his lawsuit during his period of legal disability, the protective provisions of art. 5535 do not apply.

We next consider whether the statute of limitations has run to bar appellant's action.

Rule 145 of the Texas Rules of Civil Procedure reads:

A party who is required to give security for costs may file with the clerk or justice of the peace an affidavit that he is too poor to pay the costs of court and is unable to give security therefor; and the clerk or justice shall issue process and perform all other services required of him, in the same manner as if the security had been given. Any party to the suit, or the clerk or justice, shall have the right to contest such affidavit. Such contest may be tried before the trial of the cause, at such time as the court may fix, at the term of court at which the affidavit is filed, after notice thereof has been given to the opposite party or his attorney of record. In the event a contest is filed, the burden shall be on the affiant to prove his alleged inability in open court by evidence other than the affidavit above referred to.

■ It is well established that the mere filing of a lawsuit will not interrupt or toll the running of the statute of limitations; the use of due diligence in procuring the issuance and service of citation is required. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975); *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180 (Tex.1970). Although appellant argues that the nearly three year delay between the filing of his original petition and the ultimate issuance of citation thereon was due to a contest filed against his pauper's affidavit, the record shows that he did not request a hearing on the contest until two years and ten months after his filing of the lawsuit. Reasonable care and the exercise of due diligence would require that he obtain, or at least have attempted to obtain, a hearing on the matter within the limitations period. *Nauls v. Colby*, 448 S.W.2d 857 (Tex.Civ.App.—Dallas 1969, n.r.e.). Ap-

pellant did not exercise due diligence, and the filing of his lawsuit did not therefore interrupt the running of the statute of limitations.

We agree with appellant's argument that an incarcerated person should not be required to rely on art. 5535 and await release from imprisonment before bringing suit. Nevertheless, one who elects to commence litigation despite the disability protection afforded him by art. 5535 is thereafter held to the same standard of diligence as one not so protected.

The judgment is affirmed.