Ellis D. BURRELL, Plaintiff–Appellant,

v.

Jimmy NEWSOME, Chief of Police, Port Arthur Police Dept., et al., Defendants–Appellees.

No. 88–2883
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1989.

---

Ellis D. Burrell, Tennessee Colony, Tex., pro se.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Ellis D. Burrell (Burrell) appeals from the district court's dismissal of his section 1983 case against appellees-defendants Jimmy Newsome, et al. (Newsome). The district court adopted the United States Magistrate's report, which concluded that Burrell's suit was barred by Texas' two-year statute of limitations for personal injury suits. The district court also concluded that no equitable tolling provisions applied. We remanded the case to the district court for a determination of whether the notice of appeal was timely. The magistrate, after an evidentiary hearing, determined that Burrell's notice of appeal was untimely. The district court adopted the magistrate's findings of fact and conclusions of law.

*Facts and Proceedings Below*

On September 16, 1987, Burrell filed this civil rights suit, *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983. Burrell named Chief of Police Jimmy Newsome, Officer Alfred J. Gillen, Jr., Officer Blanton, Officer Dyers, and Sergeant Williamson of the Port Arthur, Texas Police Department as defendants. Burrell alleges violations of his constitutional right to due process in that, in the summer of 1981, the defendants harassed him on numerous occasions prior to, during, and after his arrest on July 23, 1981.[1] Burrell also claims that after his arrest some of the defen-

dants denied him prescribed medication. Burrell also states, and there is no showing to the contrary, that he has been continuously incarcerated since the time of his arrest.

The district court referred the case to the magistrate for review. The magistrate concluded that Burrell's case was barred by Texas' two-year statute of limitations for personal injury actions. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). The magistrate further concluded that no equitable tolling provisions applied to Burrell's claims. The district court adopted the magistrate's report and on August 9, 1988, filed its opinion and its judgment dismissing the suit before service of process under 28 U.S.C. § 1915(d). The opinion and the judgment were entered on the docket on August 10, 1988. Burrell's notice of appeal was filed on September 19, 1988.

This Court thereafter remanded for a determination of whether the notice of appeal was timely filed under *Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *Lack* holds that a notice of appeal by a *pro se* prisoner will be deemed timely filed when delivered to the prison mail system, rather than when actually filed with the court. *Lack*, 108 S.Ct. at 2385. On remand the magistrate, after an evidentiary hearing, found that Burrell, who was incarcerated, delivered his notice of appeal to the prison mail officials on September 9, 1989, thirty-one days after the district court judgment filing date of August 9, 1988. Thus, the magistrate concluded that Burrell's notice of appeal was untimely. The district court adopted the magistrate's report and forwarded the findings of fact and conclusions to this Court.

---

1. Burrell claims that on June 8, 1981, he was stopped by Williams and interrogated and harassed. In mid-June Burrell claims that several officers were seen outside his garage apartment and that "someone began to shake the door." On July 4, 1981 Burrell claims he was again stopped and questioned by an officer as to his activities.

On July 23, 1981, Burrell claims he was out walking at night. After a long narrative regard-

ing events that night, Burrell states that he was arrested for burglary. Burrell claims that his arm was bent behind his head and his face was forced "down on the hot hood of the patrol car."

Burrell also names one Shirley Jones, a private citizen (identified only as a worker at Pizza Inn), as a defendant. The basis for this claim, not separately addressed below, is unclear.

### Discussion

■ The magistrate and district court apparently overlooked the fact that while the district court's judgment was filed on August 9, 1988, it was not entered on the docket until August 10, 1988. The period for appeal begins to run from the date of entry of the judgment on the docket sheet, which in the instant case was August 10, 1988. *See, e.g., United States v. Doyle,* 854 F.2d 771, 772 (5th Cir.1988); *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 746 F.2d 278, 282 (5th Cir.1984), *reh'g en banc* ordered as to Part III, *reh'g otherwise denied,* 760 F.2d 86 (5th Cir.1985), *opinion en banc,* 784 F.2d 665 (5th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). Burrell delivered his notice of appeal to the prison authorities on September 9, 1988, thirty days after the judgment was docketed. Therefore, in accordance with *Lack,* Burrell's appeal is timely. *Lack,* 108 S.Ct. at 2385.

■ The district court, *sua sponte,* applied the Texas two-year personal injury statute of limitations to bar Burrell's section 1983 claims. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). While this Court generally will not consider an affirmative defense not raised below, we are not prevented from considering the defense where it is raised *sua sponte* by the district court. *See, e.g., Baylor Univ. Medical Center v. Heckler,* 758 F.2d 1052, 1057 n. 8 (5th Cir.1985).

■ Because there is no specified federal statute of limitations for section 1983 suits, federal courts borrow the forum state's general personal injury limitations period. *See Owens v. Okure,* — U.S. ——, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir.1989). While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law. *See, e.g., Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983); *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir. 1980). The standard provides " 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Listi,* 611 F.2d at 1131 (quoting *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975)); *see, e.g., Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir.1988); *Longoria v. Bay City,* 779 F.2d 1136, 1138 (5th Cir.1986). Burrell's pleadings reveal that he was fully aware that he had suffered injury at the time the incidents occurred in 1981. In the absence of any tolling provision, Burrell's 1987 complaint was filed several years too late.

Burrell's main argument on appeal is that the statute of limitations should be tolled in his case pursuant to section 16.001 of the Texas Civil Practice and Remedies Code because he was imprisoned at the time he filed his complaint and he has been continuously incarcerated since his July 23, 1981 arrest. Tex.Civ.Prac. & Rem.Code § 16.001 (West Supp.1989) (as amended in 1987). The Supreme Court, in its recent opinion, *Hardin v. Straub,* — U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), held that a federal court applying a state statute of limitations should give effect to the state's tolling provisions for prisoners. *See Straub,* 109 S.Ct. at 2003.

Section 16.001 of the Texas Civil Practice and Remedies Code, when enacted in 1985, provided as follows:

"§ 16.001.  Effect of Disability

"(a) For the purposes of this subchapter, a person is under legal disability if the person is:

"(1) younger than 18 years of age, regardless of whether the person is married;

"(2) imprisoned;  or

"(3) of unsound mind.

"(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.

"(c) A person may not tack one legal disability to another to extend a limitations period.

"(d) A disability that arises after a limitations period starts does not suspend the running of the period." Tex.

Civ.Prac. & Rem.Code Ann. § 16.001; Acts 1985, 69th Leg., ch. 959, § 1.[2] Section 16.001 was amended in 1987, and effective September 1, 1987, imprisonment is no longer considered a legal disability in Texas. *See* Acts 1987, 70th Leg., ch. 1049, § 56; Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (West Supp.1989). However, another section of the 1987 amendatory act provides that if a period of limitations was tolled on August 31, 1987, because the person bringing the action was imprisoned, the limitations period for the action begins to run on September 1, 1987.[3] *See* Acts 1987, 70th Leg., ch. 1049, § 65. Thus, if the limitations period was tolled for Burrell because of his imprisonment as of August 31, 1987, the beginning of the two-year limitations period was September 1, 1987, and Burrell timely filed this suit on September 17, 1987. We look to the Texas courts' construction of Texas' tolling statute to determine if Burrell was under a legal disability due to his incarceration as of August 31, 1987. *See, e.g., Griffen v. Big Spring Indep. School Dist.*, 706 F.2d 645, 650 (5th Cir.1983); *Armon v. Jones*, 580 F.Supp. 917, 921 (N.D.Tex.1983).

There are a few Texas appellate court decisions that pertain to Texas' prisoner tolling provision. In *Blum v. Elkins*, 369 S.W.2d 810 (Tex.Civ.App.—Waco 1963, no writ), the court held that the imprisonment of the plaintiff did not toll the statute of limitations because the plaintiff knew prior to incarceration of the facts underlying his claim and that he would have to file suit. *Blum*, 369 S.W.2d at 812–13 (citing Tex. Rev.Civ.Stat.Ann. art. 5535 (1925)). The period of limitations began to run at the time the prisoner knew of the injury prior to his incarceration, and it is well settled that "[o]nce the statute has commenced to

run, it is not tolled by imprisonment." *Id.* (citing Tex.Rev.Civ.Stat.Ann. art. 5544 (1925)).

In *Jenkins v. State*, 570 S.W.2d 175 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ), the alleged injury occurred on March 9, 1974, while the plaintiff was imprisoned. The plaintiff was released from prison on September 9, 1974, and he filed his lawsuit relating to the March 9 incident on May 25, 1976. *Id.* at 177. The court held that the statute of limitations was tolled during the prisoner's incarceration and the period of limitations began to run upon the prisoner's release from confinement. *Id.* (citing Tex.Rev.Civ.Stat.Ann. art. 5535 (Supp. 1978)). Thus, the prisoner's suit was timely filed within the two-year limitations period. *Id.*

■ Finally, in *Johnson v. McLean*, a Texas appellate court held that the protective provisions of the tolling statute did not apply where a prisoner timely filed his suit during his imprisonment but failed to obtain service of process for three years thereafter. *Johnson*, 630 S.W.2d 790, 791 (Tex.App.—Houston [1st Dist.] 1982, no writ) (discussing Tex.Rev.Civ.Stat.Ann. art. 5535). Under Texas law, filing of suit does not interrupt limitations unless diligence is exercised in procuring issuance and service of citation. *Id.* at 793. The court stated that

"[c]ertainly the very wording of art. 5535 sets out imprisonment as a disability tolling the statute of limitations for commencement of an action. However, appellant here filed suit on a pro se basis despite such disability, and would now seek to utilize this tolling statute to negate the requirements of due diligence in prosecuting and pursuing his lawsuit." *Id.* at 793.

---

**2.** Section 16.001 was based on Article 5535 of Vernon's Annotated Civil Statutes, which was enacted by Acts 1967, 60th Leg., p. 740, ch. 309, § 3. Article 5535 was repealed by Acts 1985, 69th Leg., ch. 959, § 9(1), eff. Sept. 1, 1985, and a similar provision, section 16.001, was enacted for placement in the new Texas Civil Practice and Remedies Code.

**3.** Section 65 of the Act provides as follows:

"(a) A period of limitations that on August 31, 1987, was tolled under Section 16.001 or 16.022, Civil Practice and Remedies Code, because the person entitled to bring the action was imprisoned, begins to run on the effective date of this Act.

"(b) A period before the effective date of this Act during which a person was under a legal disability because of imprisonment is not affected by this Act." Acts 1987, 70th Leg., ch. 1049, § 65.

The *Johnson* court concluded that one who elects to and succeeds in timely bringing suit while incarcerated, despite the protection of article 5535, is thereafter held to the same standard of diligence for limitations purposes as one not protected. *Id.* at 794.

Subsequent to *Johnson*, a federal district court addressed the tolling issue. *See Armon v. Jones*, 580 F.Supp. 917, 921–22 (N.D.Tex.1983). The court summarized the Texas law on point and concluded that Texas' tolling statute operates to toll the statute of limitations where (1) the plaintiff is imprisoned, (2) the cause of action arises while the plaintiff is imprisoned, and (3) the plaintiff does not, while imprisoned, timely file a lawsuit relating to that cause of action and then claim the protection of the tolling provision after his suit is filed. *Id.* at 921. Thus, a prisoner who could have brought suit prior to imprisonment or who timely brings suit while imprisoned cannot later claim the protection of the tolling statute. *Id.* at 921–22. The *Armon* court went on to hold that the plaintiff satisfied the three criteria and, thus, the tolling provision operated in that case to toll the statute of limitations. *Id.* at 922 (applying Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon 1968)).

In another district court case, *Winton v. Burton*, 582 F.Supp. 1044 (E.D.Tex.1984), the prisoner filed suit on June 28, 1979. The prisoner claimed that four separate prison incidents had violated his civil rights.[4] The first three incidents occurred during or before September 1976. On May 17, 1977, the plaintiff escaped from jail, and he was reincarcerated on December 1, 1977. It is well settled that the limitations period will commence to run immediately upon the removal of the disability of im-

prisonment. When the prisoner is freed from confinement, regardless of whether it is by an illegal means or by a legitimate means, the statute of limitations begins to run and it is not tolled by any subsequent imprisonment. *See, e.g., Glover v. Johnson*, 831 F.2d 99, 101 (5th Cir.1987); *Winton*, 582 F.Supp. at 1050; *Smith v. Avance*, 553 F.Supp. 434, 438 (E.D.Tex.), *aff'd*, 683 F.2d 415 (5th Cir.), *cert. denied*, 459 U.S. 993, 103 S.Ct. 351, 74 L.Ed.2d 390 (1982); *Stephens v. Curtis*, 450 F.Supp. 141, 144 (S.D.Tex.1978); *cf. Jimenez v. Maloney*, 646 S.W.2d 673, 675 (Tex.App.—San Antonio 1983, writ dismissed); *Blum v. Elkins*, 369 S.W.2d 810, 812–13 (Tex.Civ.App.1963, no writ). Thus the statute of limitations on the plaintiff's first three claims began to run when he escaped from imprisonment on May 27, 1977. The plaintiff did not file suit on any of those claims until June 28, 1979, more than two years after limitations began to run. Thus, the district court properly found those claims time-barred and not subject to the tolling provision. *Winton*, 582 F.Supp. at 1050.

In *Winton*, the plaintiff's fourth claim arose in January 1978, after his reincarceration. Plaintiff filed suit in June 1979, but he did not allege the fourth claim—which was against one of the defendants included in the suit as filed in June 1979 but related to a wholly different incident—until he filed a supplemental complaint in that suit on April 22, 1982, almost three years after successfully initiating the suit. *Id.* The *Winton* court, relying on *Johnson*, found that the tolling provision did not protect the plaintiff's fourth claim. *Id.* (citing Tex. Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp.

---

**4.** *Winton* relates the chronology of events as follows:

"(A) November 16, 1974—Plaintiff confined in the Collin County Jail.

"(B) February 1, 1975—Plaintiff's Claim # 1 occurred—the attempted jailbreak. (Burton, Abbott as Defendants).

"(C) June, September, 1976—Plaintiff's claims # 2 and # 3 occurred. (Defendant Thompson).

"(D) May 17, 1977—Plaintiff's escape from the Collin County Jail.

"(E) December 1, 1977—Plaintiff's reincarceration in the Collin County Jail.

"(F) January, 1978—Plaintiff's Claim # 4 occurred. (Abbott as Defendant).

"(G) June 28, 1979—Plaintiff filed Complaint on Claim # 1.

"(H) April 28, 1981—Plaintiff's attorney Bill Bass appointed.

"(I) April 22, 1982—Plaintiff filed Supplemental Complaint raising for the first time Claims # 2 and # 3 (Thompson) and Claim # 4 (Abbott).

"(J) April 29, 1982 and May 11, 1982—Evidentiary hearing on Defendants' Motion to Dismiss." *Winton*, 582 F.Supp. at 1047.

1982–83)). The *Winton* court stated as follows:

> "According to the decision in *Johnson*, once the prisoner commenced his action, thereby affirmatively demonstrating that he had access to the courts and was not handicapped by any disability, he forfeited any future protection that might derive from article 5535.
>
> "... In June, 1979, during the term of his imprisonment and within two years of the alleged violation by Abbott, Winton filed suit against Abbott and others and thereby demonstrated that he was not 'a legally disabled party who had no access to the courts'; however, Winton failed to include the Supplemental Claim in his original complaint, choosing instead to wait three additional years before asserting that claim by amendment. Under the controlling authority of *Johnson*, therefore, the Supplemental Claim is clearly time-barred...." *Id.* at 1051.

As announced in *Johnson*, and reaffirmed in *Winton*, the primary purpose of the tolling provision is to " 'protect a legally disabled party who has no access to the courts.' " *Winton*, 582 F.Supp. at 1050 (quoting *Johnson*, 630 S.W.2d at 793). The fact that the prisoner had successfully filed suit against the defendant in June 1979 demonstrated that he was not actually disabled by imprisonment. The prisoner in *Winton*, like the prisoner in *Johnson*, demonstrated that he could successfully bring suit against the defendant within the limitations period; therefore, he was not entitled to claim the protection of the tolling provision. *See Johnson*, 630 S.W.2d at 692; *Winton*, 582 F.Supp. at 1052.[5]

This Court, in a brief *per curiam* opinion dealing with the Texas tolling provision, concluded that the district court erred in finding that the prisoner's claim was tolled by reason of his incarceration. *Edmond v. De La Rosa*, 835 F.2d 87, 87 (5th Cir.1988) (per curiam). The opinion did not recite the facts of that case, but it did cite both

Johnson and *Winton* as support for its decision. *Id.* In reviewing matters of state law where there is no state supreme court decision on point, we follow the relevant appellate state court decisions "absent strong indication that the Texas Supreme Court would decide the issue differently." *Mott v. Mitsubishi International Corp.*, 636 F.2d 1073, 1074 (5th Cir.1981); *see also Birmingham Fire Ins. Co. v. Winegarden and Hammons, Inc.*, 714 F.2d 548, 550 (5th Cir.1983); *Griffen*, 706 F.2d at 650.

We find nothing in the *Edmond* decision to imply that we were departing from the principles articulated in the leading Texas appellate cases, even though we cited only to *Johnson*. *See Edmond*, 835 F.2d at 87. The *Johnson–Winton* exception to tolling under the pre-amendment section 16.001 applies where the prisoner has demonstrated his ability to timely resort to the courts, notwithstanding his imprisonment, by filing suit within the (untolled) limitations period against the defendant (or, quite possibly, against another defendant but on the same operative facts). But this exception does not simply eliminate all tolling under the pre-amendment section 16.001 (or its predecessors). *Johnson* is consistent with *Jenkins* and *Blum*, and *Johnson* clearly recognized the general rule under the Texas tolling provision—that statutes of limitations were tolled during incarceration. *Johnson*, 630 S.W.2d at 793; *see also Armon*, 580 F.Supp. at 921–22.

While the 1987 amendment to the Texas tolling provision removes the category of imprisonment as a legal disability, it allows for tolling until August 31, 1987, for prisoners' actions that would have been tolled prior to the amendment. Thus, it is still necessary to look to the Texas case law to determine if the period of limitations would have been tolled for Burrell as of August 31, 1987. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (West Supp.1989) (as amended in 1987).

---

5. Insofar as *Winton* may have alternatively held that, in effect, the Texas tolling provision was no longer operative because prisoners now generally have access to the courts and the plaintiff did not prove this was not the case as to him (*see* 582 F.Supp. at 1049–50 "(B)"), we disagree. Such a holding is contrary to the Texas law on point and is not binding on this Court. *See Johnson*, 630 S.W.2d at 791; *Jenkins*, 570 S.W.2d at 177; *Armon*, 580 F.Supp. at 921–22.

Under the principles articulated in *Blum, Jenkins,* and *Johnson,* if Burrell is a prisoner whose cause of action arose while imprisoned, and he is not within the *Johnson–Winton* exception, then pursuant to section 16.001, the statute of limitations would have been tolled as of August 31, 1987, and the period of limitations commenced to run September 1, 1987. *See Blum,* 369 S.W.2d at 812; *Jenkins,* 570 S.W.2d at 177; *Johnson,* 630 S.W.2d at 791; *Armon,* 580 F.Supp. at 921–22.

From the record it is clear that Burrell was incarcerated at the time he filed suit in September 1987, and he apparently had been continuously incarcerated since July 23, 1981. It is also clear that Burrell's suit has not been shown to be within the *Johnson–Winton* exception to tolling. There is nothing to indicate that during his incarceration Burrell ever previously sued any of the present defendants (or any other party in respect to the circumstances made the basis of any of the claims in the instant suit). Finally, it is plain that some, but not all, of Burrell's claims accrued while he was incarcerated.

■ The claims of harassment prior to arrest were known by Burrell at the time they occurred in June and July of 1981. The two-year limitations period began to run on those claims at that time, and the limitations period was not tolled by Burrell's subsequent incarceration. *See Blum,* 369 S.W.2d at 812. Accordingly, those claims are untimely, *id.,* and were properly dismissed. However, Burrell's claims that arose during and following arrest, being that he was apparently continuously in custody after the time of his arrest on July 23, 1981, were not shown to be unprotected by the tolling provision for prisoners as of August 31, 1987.

6. No aspect of the substantive merits (or lack of merit) of any of the claims was addressed below.

7. We have assumed, because Burrell has alleged and the record does not demonstrate otherwise, that he has been continuously confined from and after the point of his arrest on July 23, 1981. However, this suit was dismissed prior to

■ Thus, for these later claims it is not shown that the statute of limitations was not tolled as of August 31, 1987, and that the limitations for those claims did not begin to run until September 1, 1987. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (West Supp.1989) (as amended 1987). Because Burrell filed his suit on September 17, 1987, well within the two-year statute of limitations, those claims were not shown to be untimely. In light of the above discussion, the decision of the district court is reversed and remanded for further proceedings consistent with this opinion. We express no opinion on the substantive legal or factual merits (or lack thereof) of Burrell's timely claims.[6] We merely hold that the Texas tolling provision, section 16.001 as amended, has not been shown to be inapplicable to at least some of Burrell's claims, and, thus, it is not shown that these claims were untimely.[7]

REVERSED and REMANDED.

service of process under 28 U.S.C. § 1915(d), and further development may show that Burrell has not been so continuously confined, in which case some (or all) of his arrest (or post-arrest) claims might be limitations barred.

Burrell's motion for appointment of appellate counsel is denied. *See Ulmer v. Chancellor,* 691 F.2d 209, 212–213 (5th Cir.1982).