IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10214
Conference Calendar
_____

REGINALD JEROME HALL,

Plaintiff-Appellant,

versus

DALLAS COUNTY POLICE,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-168-R
- - - - - - - - - -
June 30, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Reginald Jerome Hall, proceeding pro se and in forma pauperis, filed this civil rights suit against the Dallas County Police on January 25, 1995. He alleges that he was injured by a Dallas County police officer during his arrest on October 20, 1992. He argues that the applicable statute of limitations period was tolled as a result of his incarceration.

A district court may dismiss an in forma pauperis complaint as frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 112 S. Ct. 1728, 1733-34 (1992);

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). If it appears "that insufficient factual allegations might be remedied by more specific pleading," this court considers whether the district court abused its discretion by dismissing the complaint without affording any effort to amend. Eason, 14 F.3d at 9.

Federal courts apply state personal-injury limitations periods to actions under 42 U.S.C. § 1983. Owens v. Okure, 488 U.S. 235, 251 (1989). The applicable Texas limitations period is two years. Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). Hall's claim accrued on October 25, 1992, the date that he was allegedly injured by police. As of September 1, 1987, imprisonment no longer tolls the limitations period in Texas. Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). The limitations period therefore expired on October 25, 1994, two years after Hall's injury and some three months before Hall filed suit on January 25, 1995. Accordingly, the district court did not abuse its discretion, and Hall's appeal is DISMISSED as frivolous. See 5th Cir. R. 42.2.