IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50779
Summary Calendar
_____

MICHAEL W KOCH,

Plaintiff-Appellant,

v.

JOHN C SPARKS, Dr; BEXAR COUNTY ADULT DETENTION CENTER;
RALPH LOPEZ, Sheriff; BEXAR COUNTY COUNTY COMMISSIONERS
COURT

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
SA-95-CA-674
_____
June 18, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael W. Koch appeals an order of the district court dismissing his claim under 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d). For the reasons assigned, we vacate and remand.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On August 4, 1995, Michael W. Koch, proceeding pro se and in forma pauperis, filed this civil rights suit against Dr. John C. Sparks, a physician at the Bexar County Jail; Sheriff Ralph Lopez; and the Bexar County Commissioners Court,[1] alleging improper denial of medical care while housed as a prisoner at the Bexar County Jail.

In his complaint, Koch alleged that in March of 1993, he began experiencing severe pain in his legs, and submitted "sick call slips" requesting medical attention at a rate of three per day for a period of two weeks. Koch alleged that, only after a call to the jail by his wife, he received a cursory examination by a physician's assistant. Koch alleged that he told the physician's assistant that he had a history of bone marrow infection and that the physician's assistant disregarded Koch's requests that he review Koch's medical record, which would have verified this history. The physician's assistant allegedly diagnosed Koch's condition as a case of athlete's foot, and sent him back to his cell with ointment for the treatment of foot fungus.

Koch was eventually examined by Dr. Sparks, who allegedly dismissed Koch's complaints as the product of a "mental problem" and sent Koch back to his cell with no treatment. Koch alleged

---

[1]  The Bexar County Adult Detention Center is listed as a defendant on the district court's docket sheet. However, Koch did not name the detention center in his original complaint.

that, approximately fifteen minutes later, he was rushed back to the infirmary with a fever of 107.5 degrees and on the verge of lapsing into a coma. While at the hospital, Koch was allegedly treated for bone marrow infection and pneumonia. Koch finally alleged that, at some point during his hospital stay, he suffered from a stroke that paralyzed the left side of his body.

The magistrate judge to whom Koch's claim was assigned recommended that the claim be dismissed as frivolous on the ground that the statute of limitations applicable to the action had lapsed prior to Koch's institution of the suit. Koch filed objections to the magistrate's report, alleging that the stroke which he suffered in the hospital left him with no memory of the events giving rise to his suit for a period of five months. Koch contended that his lack of memory prevented his cause of action from accruing until September of 1993, and thus that his claim was not barred by the statute of limitations.

The district court overruled Koch's objection and adopted the magistrate judge's recommendation to dismiss Koch's claim as frivolous pursuant to 28 U.S.C. § 1915(d) (1994).[2]

## II.  ANALYSIS

We review the district court's order dismissing Koch's claim for an abuse of discretion. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993). Dismissal of an <u>in</u> <u>forma</u> <u>pauperis</u> complaint as

---

[2]  The court erroneously stated in its order that it dismissed the claim pursuant to 42 U.S.C. § 1915(d).

3

frivolous under § 1915(d) is proper only if the claims in the complaint have no arguable basis in law or fact. See Id. at 115-16.

Because no federal statute of limitations exists for actions under § 1983, federal courts apply the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990). In Texas, the applicable limitations period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (Vernon Supp. 1996); Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).

While Texas law determines the applicable limitations period and tolling exceptions, federal law determines when a cause of action accrues, and thus when the statute of limitations begins to run. Id. "A state statute of limitations imposed in a § 1983 action does not run until the plaintiff is in possession of the 'critical facts' that he has been hurt and the defendant is involved." Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In determining whether the district court abused its discretion in finding that no arguable basis in law or fact existed to support the conclusion that Koch's claim was timely filed, we construe the allegations contained in Koch's pleadings liberally. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 96 (5th Cir. 1994), cert. denied, 115 S. Ct. 220 (1994). Under such a construction, Koch's allegations that he was rushed

to the hospital nearly comatose and that he subsequently suffered a stroke that impaired his memory for five months at least create an arguable basis for concluding that he lacked knowledge of the "critical facts" of his claim until September of 1993. Accordingly, an arguable basis in law exists that his cause of action did not accrue until September of 1993, and thus that his claim was timely filed.

In overruling Koch's objections to the magistrate judge's recommendation of dismissal under § 1915(d), the district court reasoned that Koch's pleadings provided "no indication . . . that [his] lack of awareness continued unabated for the ensuing two years." This analysis misconstrues the operation of the statute of limitations. Koch's alleged lack of awareness creates an arguable basis in law and fact that his cause of action did not accrue until September of 1993. Koch would have a full two years--rather than the nineteen months suggested by the district court--from the time that he gained awareness of the critical facts supporting his claim in which to file suit. An arguable basis thus exists for the conclusion that Koch's claim, filed on August 4, 1995, is not time barred.

## III. CONCLUSION

Because an arguable basis in law and fact exists to support the conclusion that Koch filed his claim within the relevant limitations period, the district court abused its discretion in

ordering dismissal under § 1915(d).  Accordingly, we VACATE the district court's order and REMAND this cause for further proceedings consistent with this opinion.