**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-50929**
**Summary Calendar**

_____

**THOMAS ALAN GUNN,**

**Plaintiff-Appellant,**

**versus**

**BELL COUNTY, Texas; BELL COUNTY, Sheriff;**
**UNIDENTIFIED, Sheriff's Deputies for Bell County,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-96-CV-211)**
_____

May 21, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas Alan Gunn, federal prisoner # 60879-080, appeals the dismissal of his 42 U.S.C. § 1983 action. Gunn contends that the district court erred by dismissing his claims, pursuant to FED. R. CIV. P. 12(b)(6), against Bell County and the Bell County Sheriff for failure to state a claim upon which relief may be granted, and by denying his "Motion to Amend Jurisdiction to Include 28 U.S.C. § 1332".

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Based upon our review of the record, we **AFFIRM** the dismissal of the claims against Bell County and the Sheriff, and the denial of Gunn's motion to amend jurisdiction, for essentially the reasons stated by the district court. *Gunn v. Bell County, Texas*, No. W-96-CA-211 (W.D. Tex. September 30, 1997). Gunn's conclusional allegation, made for the first time on appeal, that the defendants acted with gross negligence or deliberate indifference, is not reversible plain error. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

Gunn also contends that the district court erred by dismissing with prejudice his claims against the unidentified deputies, pursuant to FED. R. CIV. P. 4(m). Even assuming that the district court erred by dismissing those claims with prejudice, any error is harmless, because any amended complaint filed by Gunn to substitute named defendants would not relate back to the date of his original complaint under FED. R. CIV. P. 15(c)(3) and, therefore, would be time-barred. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003; *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

*AFFIRMED*