IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11361
Conference Calendar
_____

EDDIE GILMER HAYSLETT,

Plaintiff-Appellant,

versus

R. LUNA, Police Officer; L. GIOENI,
Police Officer; UNKNOWN POLICE OFFICER,
Carrollton,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1278-G
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Eddie Gilmer Hayslett, Texas prisoner # 799149, appeals the dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1). The district court did not err in dismissing Hayslett's false-arrest claim as barred by the two-year statute of limitations because the cause of action accrued in May 1994. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998), cert. denied, 119 S. Ct. 2405 (1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Burrell v. Newsome,

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

883 F.2d 416, 418 (5th Cir. 1989).  The district court did not err in dismissing Hayslett's malicious-prosecution claim as lacking an arguable basis in fact because neither Hayslett's complaint nor his supplemental questionnaire alleged facts sufficient to establish the elements of a malicious-prosecution claim.  See Martin, 156 F.3d at 580; Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994).

Because Hayslett's appeal is without arguable merit and is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Hayslett previously had at least one other strike under § 1915(g) because of the dismissal of Hayslett v. Fawns, No. 3:93-CV-1820-T (N.D. Tex. Dec. 20, 1993), which he did not appeal.  See Adepegba, 103 F.3d at 388. Hayslett has now accumulated at least three strikes, and therefore while he is a prisoner he is barred from proceeding in forma pauperis in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; § 1915(g) SANCTIONS IMPOSED.