IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30334
Conference Calendar

_____

FELIX ANTHONY PRICE,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; GARY YOUNG;
JOHN P. WHITLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-952-D
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Felix Anthony Price appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). Price argues that the district court erred in determining that his complaint, which alleged a denial of his constitutional right to access to the courts, was not timely filed.

We review a determination by a district court that a case is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  A dismissal based on failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed de novo.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

A one-year limitations period applies to 42 U.S.C. § 1983 claims filed in Louisiana federal district courts.  See Harris, 198 F.3d at 156-57 (federal courts borrow statutes of limitations of forum state for claims brought under 42 U.S.C. § 1983).  The one-year limitations period is tolled during the time a prisoner seeks state administrative remedies pursuant to the exhaustion requirement of 42 U.S.C. § 1997e.  Id. at 158-59.  The limitations period for the filing of Price's 42 U.S.C. § 1983 claim was not tolled during the time he sought administrative review of the circumstances surrounding a prison attack--an issue wholly distinct from his denial-of-access-to-the courts claim.

"Under federal law, a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Id. at 157 (quoting Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).  If Price's allegation that he did not discover until March 13, 1996, that Officer Young did not deliver his petition for review in a timely fashion is taken as true, Price had until March 13, 1997, to file his denial-of-access-to-the-courts claim.  His alleged filing of case No. 99-CV-172 on February 22, 1999, could not have tolled the limitations period on the denial-of-access-to-the-courts claim because it was filed almost two years after March 13, 1997.

The district court's dismissal of Price's complaint as frivolous and the dismissal of 99-CV-172 as frivolous count as two "strikes" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Price is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

The judgment of the district court is AFFIRMED.