# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-20190
Summary Calendar

JAMES HENRY ADUDDLE

Plaintiff-Appellant

v.

TRUMAN BODY; TRACY TAYLOR; UN-NAMED OFFICERS; SUGARLAND POLICE DEPARTMENT; JUDGE THOMAS R CULVER, III; FRED M FELCMAN, District Attorney; GLORY HOPKINS, District Clerk; MITCHELL ALBRIGHT, Deputy Clerk; MAGGIE PEREZ-JARAMILLO, Attorney at Law; JUDGE OLEN UNDERWOOD; DETECTIVE SCOTT SOSA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3358

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Henry Aduddle, Texas prisoner # 1191046, appeals from the district court's grant of summary judgment on his 42 U.S.C. § 1983 excessive force claims based upon its finding that those claims are time barred. This court reviews the grant of a motion for summary judgment de novo. Cousin v. Small,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075.

There is no federal statute of limitations for §1983 actions. Federal courts borrow the forum state's general personal injury limitations period and applicable tolling provisions. Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); Burrell, 883 F.2d at 418. Although Texas law governs the limitations period and the tolling exceptions, federal law governs when Aduddle's causes of action accrued. See Burrell, 883 F.2d at 418. Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (internal quotations and citations omitted). Aduddle concedes that his excessive force claims accrued no later than July 24, 2002, when he was shot during the course of his arrest. He did not file suit, however, until September 26, 2005, over three years later.

Aduddle asserts that the statute of limitations should be tolled from the date of the shooting until October 3, 2003 because he had no access to legal authorities or assistance in the Fort Bend infirmary. Aduddle's tolling argument before the district court concerned only his claim that he was of unsound mind

during the relevant period. Although this court does not generally review issues that are raised for the first time appeal, the court may, in the interests of justice, review an issue that was not raised in the district court in exceptional circumstances. Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997). Such a review is "sharply circumscribed by the plain error standard." Id. Aduddle's allegations involve factual questions that could have been resolved if he had raised them in the district court. Thus, the error, if any, cannot have been "plain." Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). Accordingly, we will not consider his lack of legal access argument because he raises it for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Whether Aduddle's alleged mental incapacitation constitutes a ground for tolling is governed by Texas state law. See Burrell, 883 F.2d at 418. A person has a legal disability warranting tolling under Texas law where that person is of "unsound mind" at the time that an action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a)(2) and (b); Grace v. Colorito, 4 S.W.3d 765, 769 (Tex. Ct. App. 1999). Persons of "unsound mind" have been equated with "persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." Hargraves v. Armco Foods, Inc., 894 S.W.2d 546, 547 (Tex. Ct. App. 1995).

Although he has submitted two letters from Dr. Jimmy Robertson in support of his claim, Aduddle offers nothing beyond his own assertions to show that he remained mentally impaired or a patient at Fort Bend County Jail infirmary beyond September 19, 2003. See Little, 37 F.3d at 1075. He also fails to show how Dr. Robertson's letters, which state only that Aduddle suffered from depression and anxiety from July through September 2003 establish that he was of unsound mind continuously from July 2002 until June 2003. See id.; Grace, 4 S.W.3d at 769. He has thus failed to "designate specific facts showing that

there is a genuine issue for trial" regarding whether his claims are time barred. Little, 37 F.3d at 1075.

Aduddle also contends that the district court erred in finding that, as a pro se plaintiff, he cannot represent the interests of his granddaughter Shana Joy Stein. As a non-lawyer, Aduddle may not represent the interests of Shana Stein on a pro se basis, even assuming that he is her legal guardian. See, e.g., Myers v. Loudon County Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005). Accordingly, we deny his motion for appointment of counsel on behalf of Stein. In accordance with Aduddle's concessions regarding the addition of Mrs. Aduddle to the action and the dismissal of the state law claims, we do not address these issues.

Because he does not challenge on appeal the district court's March 14, 2006 opinion, wherein the court dismissed all causes of action except for the excessive force claims, Aduddle has abandoned any challenge to that decision. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.