**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-50062
Summary Calendar

CARY A. WILKE,

Plaintiff-Appellant

v.

BARBARA MEYER; JAN DAVIS; TROY BENNETT, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-653

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

While confined at a Texas correctional institution, Appellant Cary A. Wilkes ("Wilkes") filed a complaint pursuant to 42 U.S.C. §1983. The district court found the action to be barred by the statue of limitations. Wilkes now appeals the district court's findings.

The §1983 action stems from Wilkes' previous federal application for habeas corpus relief which was dismissed as time barred. Wilkes contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the untimeliness of his federal habeas application was the fault of the Gillespie County District Clerk's Office and the Texas Court of Criminal Appeals. Wilkes filed his state application on February 6, 2004, with only 37 days remaining of the one-year limitation period for filing a federal application for habeas relief. The Texas Court of Criminal Appeals dismissed his state application on July 21, 2004 because the application did not comply with the Texas Rules of Appellate Procedure. As a result, his state application did not toll the limitations period for filing his federal application. The district court dismissed his federal application as time barred on September 5, 2006. Wilkes contends that clerks at the District Clerk's Office were negligent and should not have accepted his state application on February 6, 2004 if it was non-compliant. Wilkes also argues that the clerk at the Court of Criminal Appeals should not have accepted the transmittal of his state application on June 7, 2004, and that the clerk should have acted more swiftly in returning Wilkes's state application after it was determined to be non-compliant.

Wilkes filed his §1983 action on August 29, 2008. The district court found the §1983 action to be barred by the statute of limitations and dismissed the complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2). This court reviews the underlying question of law, such as whether the statute of limitations has run, *de novo*. *Newby v. Enron Corp,* 542 F.3d 463, 468 (5th Cir. 2008). The district court may dismiss an in forma pauperis proceeding sua sponte under 28 U.S.C. § 1915(e) if it determines the complaint is frivolous. There is no federal statute of limitations for §1983 claims and the federal courts borrow the forum state's general personal injury limitations period. *Piotrowski v. City of Houston*, 51 F.3d 512 n.5 (5th Cir. 1995). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Although Texas law governs the limitations period and tolling exceptions, federal law governs when the causes of action accrued. *Burrell v. Newsome*, 883 F.2d 416,

418 (5th Cir. 1989). Under federal law, a cause of action accrues "when plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

Wilkes argued that his action is within the statute of limitations because his cause of action accrued on September 5, 2006 when his federal habeas application was dismissed as time-barred. The district court disagreed and found that Wilkes' cause of action accrued and the statute of limitation began to run on July 21, 2004, when the Texas Court of Criminal Appeals dismissed his state habeas application. Wilkes claims that the district court's finding was in error. We disagree. Applying the standard of *Burrell*, we find that Wilkes had reason to know he had suffered the alleged injury when his state application was returned as non-compliant on or about July 21, 2004. Thus, his §1983 action, filed on August 29, 2008 was brought outside the applicable statute of limitations and was properly barred by the district court.

AFFIRMED.