# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-50372
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2026

Lyle W. Cayce
Clerk

Ethan T. Roper,

*Plaintiff—Appellant*,

*versus*

Chief Chris Blanton; City of Clifton, Texas,

*Defendants—Appellees*.

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-651

—————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

On December 30, 2024, Ethan Roper filed a pro se complaint under 42 U.S.C. § 1983 against Police Chief Chris Blanton. Roper alleged that, on November 1, 2022, officers unlawfully arrested him and seized his knife. Having reviewed the complaint and determined that it concerned events occurring over two years prior, the district court ordered Roper to show

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50372

cause why his claims should not be barred by the applicable two-year limitations period. Following Roper's response, the district court concluded that his claims were untimely and dismissed them with prejudice for failure to state a claim under 28 U.S.C. § 1915.

On appeal, Roper confines his challenge to the district court's finding that he was not entitled to statutory tolling due to mental disability. He has abandoned all other issues. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (even for pro se appellants, "only the issues presented and argued in the brief are addressed.").

We review the district court's dismissal de novo. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Because no federal statute specifies a limitations period for § 1983 suits, federal law borrows the forum state's general personal-injury limitation period. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In Texas, the pertinent limitations period is two years from the date on which the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Although state law supplies the limitations period, federal law governs when a cause of action accrues under § 1983. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation omitted). Here, Roper does not dispute that the injury underlying this action was the arrest and seizure of his knife on November 1, 2022. Thus, Roper's claims were time-barred by November 1, 2024—nearly two months before he filed suit.

Texas law allows tolling for a person with a "legal disability" if that person is "of unsound mind" at the time an action accrues. Tex. Civ. Prac. & Rem. Code § 16.001(a)(2) and (b). On appeal, although Roper has given numerous examples of mental unsoundness that post-date his cause

No. 25-50372

of action by over a year, he has not shown that he was of unsound mind on November 1, 2022. Accordingly, the district court did not err in dismissing his claims.

AFFIRMED.