# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2010

No. 09-20689
Summary Calendar

Lyle W. Cayce
Clerk

IVAN DARRELL GIBSON,

Plaintiff-Appellant

v.

HOUSTON LAUNCH PAD; PRENTICE GOODS, Director; JOHN DOE, Staff/Employee,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1377

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ivan Darrell Gibson, Texas prisoner # 500823, appeals from the dismissal of his civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) due to the two-year statute of limitations applicable to 42 U.S.C. § 1983 claims brought in Texas. In his civil action, Gibson brought claims pursuant to the Eighth Amendment and § 1983, the Americans with Disabilities Act (ADA), the Texas Deceptive Trade Practices Act (DTPA), Texas contract law, and Texas fraud law.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20689

Gibson contends in this court that the district court erred by dismissing his claims as time barred because he was mentally incompetent due to schizophrenia and manic depressive disorder and the use of psychoactive medications to treat those disorders until he was placed on the TDCJ's Allred Unit, where he received psychotherapy and a correct dosage of medication. He alleges that the defendants' alleged infliction of emotional distress was one of the causes of his mental incompetence. He argues that his disability delayed the commencement of the limitations period. Gibson alleges that he emerged from his state of mental incompetence in 2007. He alleged none of these facts in the district court, however.

Gibson also argues that his common law fraud claim was subject to Texas's four-year statute of limitations and that his ADA claim was subject to no statute of limitations. On appeal, he does not mention the contract and fiduciary duty claims he raised in the district court. He has abandoned any argument that the district court erred by failing to determine whether those claims were time barred. *See In re Municipal Bond Reporting Antitrust Litigation,* 672 F.2d 436, 439 n.6 (5th Cir. 1982).

Gibson's § 1983, ADA, and DTPA claims all were subject to a two-year limitations period. *See Frame v. City of Arlington,* 575 F.3d 432, 437 (5th Cir. 2009) (ADA); *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994) (§ 1983); *Fieldtech Avionics & Instruments, Inc. v. Component Control Com., Inc.,* 262 S.W. 3d 813, 830 (Tex. App. 2008) (DTPA). Gibson's otherwise vague allegations suggest that he might have suffered serious mental afflictions that were treated with psychoactive medications. His allegations do not, however, indicate how those conditions or medications rendered him unable to care for himself or manage his affairs such that the limitations period should have been tolled until he regained mental competency. *See* TEX. CIV. PRAC. & REM.CODE

2

ANN. § 16.001(a)(2) and (b); *Aduddle v. Body,* 277 F. App'x 459, 461 (5th Cir. 2008). In light of such deficiencies, Gibson's § 1983, ADA, and DTPA claims were time barred, and the district court's dismissal as to those claims is affirmed on that ground.

Gibson contended in the district court that the defendants committed fraud by misrepresenting that they would keep private any information about treatment and his approved visitors list, then defaming him by disclosing this information to his girlfriend. He also asserted that the defendants misrepresented that the facility would be kept locked and nobody other than those on approved visitors lists would be allowed onto the grounds.

In Texas, common law fraud claims are subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4). The fraud claim raised in Gibson's April 28, 2008, complaint was not time barred as to the events of August 30, 2004.

A district court must sua sponte dismiss a prisoner's IFP complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. § 1915(e)(2)(B). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Gibson's allegations suggest that the Houston Launch Pad (HLP) staff violated its own procedures and HLP's contract with the state by allowing his girlfriend inside the facility and providing her with information. Gibson did not allege that HLP knowingly and falsely informed him of its policies and procedures. Nor do his allegations suggest that HLP staff intended for him to rely on misrepresentations about the facility's policies. He failed to make allegations sufficient to give rise to a nonfrivolous common law fraud claim. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W. 3d 573, 577 (Tex.

No. 09-20689

2001). The district court's dismissal of the action as frivolous is affirmed as to the common law fraud claim on that ground. *See Sojourner T v. Edwards,* 974 F.2d 27, 30 (5th Cir. 1992).

The district court's dismissal of Gibson's action as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Gibson is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

**AFFIRMED. SANCTION WARNING IMPOSED.**