**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 14-20224

United States Court of Appeals
Fifth Circuit
**FILED**
June 1, 2015

Lyle W. Cayce
Clerk

AMBRE BODLE; LESLIE MEECH,

Plaintiffs - Appellants

v.

TXL MORTGAGE CORPORATION; WILLIAM DALE COUCH, Individually,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

In this appeal, we are requested to extend our holding in *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012) to the facts of this case. In *Martin*, we held that a private settlement reached over a bona fide dispute regarding Fair Labor Standards Act ("FLSA") claims was enforceable despite the general prohibition against the waiver of FLSA claims. Applying *Martin*, the district court in the instant action enforced a generic, broad release against the plaintiffs' subsequent FLSA claims, even though the release was obtained through the private settlement of a prior state court action that did not involve the FLSA or any claim of unpaid wages. For the reasons outlined below, principally that we cannot be assured under these facts

No. 14-20224

that the release resulted from a bona fide dispute regarding overtime wages, we decline to extend *Martin* and reverse.

## I.

Plaintiffs-Appellants Ambre Bodle and Leslie Meech (collectively referred to as "the plaintiffs") filed the instant FLSA action against their former employer TXL Mortgage Corporation ("TXL") and its president William Dale Couch (collectively referred to as "the defendants") on May 16, 2012.[1] The plaintiffs alleged that the defendants failed to compensate them for their overtime work as required by Section 207 of the FLSA. The defendants moved for summary judgment asserting res judicata as a basis for dismissal. The defendants also argued that the plaintiffs executed a valid and enforceable waiver in a prior state court action, which released all claims against the defendants arising from the parties' employment relationship.[2] The district court found the latter contention dispositive.

The defendants in the instant case filed the prior state court action against the plaintiffs on February 3, 2012. The defendants claimed that the plaintiffs, who had resigned from the company about a year prior, had begun to work for a direct competitor and had violated their noncompetition covenants with TXL by soliciting business and employees to leave TXL for the competitor. In connection with these allegations, the defendants asserted nine state law causes of action against the plaintiffs.[3] In response, the plaintiffs

---

[1] Although the plaintiffs filed this suit as a collective action, the district court denied class action certification.

[2] The defendants further asserted collateral estoppel as a third ground for dismissal but have abandoned this argument on appeal.

[3] The causes of action were breach of contract, breach of fiduciary and other duties, tortious interference with contract, tortious interference with prospective business relationships, misappropriation of trade secrets, conversion, a claim under the Texas Theft Liability Act, civil conspiracy, and unjust enrichment.

2

No. 14-20224

sought a declaration that the non-compete and non-solicitation of client provisions in the employment agreements were unenforceable.

On May 16, 2012, the parties filed with the state court a joint motion for entry of agreed final judgment pursuant to a settlement agreement. The state court granted the parties' motion and entered an agreed final judgment on May 23, 2012. The private settlement agreement between the parties contained a release by the plaintiffs which stated the following:

> In exchange for the consideration identified above, DEFENDANTS hereby fully and completely release and discharge TXL and its agents, representatives, attorneys, successors, and assigns from any and all actual or potential claims, demands, actions, causes of action, and liabilities of any kind or nature, whether known or unknown, including but not limited to all claims and causes of action that were or could have been asserted in the Lawsuit and all claims and causes of action related to or in any way arising from DEFENDANTS' employment with TXL, whether based in tort, contract (express or implied), warranty, deceptive trade practices, or any federal, state or local law, statute, or regulation. This is meant to be, and shall be construed as, a broad release.

The district court in the instant action granted summary judgment to the defendants on the basis that the plain language of the release from the state court settlement was binding on the plaintiffs and therefore banned their subsequent FLSA claims. The plaintiffs now appeal the dismissal. The defendants contend that the dismissal was proper under the state court settlement release, and in the alternative, that res judicata bars the plaintiffs' FLSA claims.

## II.

This court reviews the district court's grant of summary judgment de novo. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). We view the evidence and draw all inferences in the light most favorable to the non-movant. *Id.*

3

No. 14-20224

The FLSA requires covered employers who employ their employees for hours in excess of forty hours per week to compensate those employees for the additional hours at a rate of at least one and one-half times the regular rate. 29 U.S.C. § 207(a)(1). Pursuant to 29 U.S.C. § 216(b), an employer who violates the FLSA by failing to pay overtime compensation shall be liable to its employees in the amount of their overtime compensation plus an equal amount of liquidated damages. *Id.* The Supreme Court has explained that the FLSA was enacted to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In light of the FLSA's recognition of the unequal bargaining power between employers and employees, the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages. *Id.* at 706–08.

In *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), the Supreme Court held that even when there is a bona fide dispute as to whether certain employees are covered by the FLSA, and when that dispute has been settled in favor of paying the employees FLSA required wages, the employees' right to recover liquidated damages cannot be waived. *Id.* at 114. However, the *Gangi* Court left open the possibility that a settlement reached for a bona fide dispute over the number of hours worked or the applicable wage may be permissible. *Id.* at 114–15 ("Nor do we need to consider here the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment.").[4]

---

[4] The Eleventh Circuit has interpreted the Supreme Court's decisions in *Brooklyn Savings Bank* and *Gangi* to forbid FLSA settlements for back wage claims unless supervised by the Secretary of Labor or unless the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–55 (11th Cir. 1982).

No. 14-20224

We considered this question in *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In *Martin*, we enforced a private settlement agreement that constituted a compromise over FLSA claims because the settlement resolved a bona fide dispute about the number of hours worked. *Id.* at 255. In reaching this conclusion, we adopted reasoning from *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005). *Martinez* held that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Id.* at 631.

In *Martinez*, the district court found a bona fide dispute as to hours worked and compensation owed where the release resulted directly from a complaint by the plaintiff that he had not been paid for his overtime work for a period of two years. *Id.* Each party presented evidence of compensation owed, but the evidence was inconclusive. *Id.* Due to the lack of conclusive evidence, the district court determined that there was a bona fide dispute as to liability. *Id.* 631–32. Therefore, the settlement document was enforceable. *Id.* at 632. That document stated, "I [the plaintiff] on this 2nd day of June 2003, accept $1,000.00 in full payment for all overtime accumulated and unpaid during the period from 06/01/01 to 06/01/03. I consider this amount as full settlement for all overtime in question and reported." *Id.* at 631.

In *Martin*, we approved, as an enforceable compromise of a bona fide dispute, a settlement between a union representative and a movie production company. 688 F.3d at 249. After an investigation, the union representative concluded it would be impossible to validate the number of hours claimed by the workers for unpaid wages. *Id.* The parties' settlement of the union members' complaints read as follows:

5

> The Union on its own behalf and on behalf of the IATSE Employees agrees and acknowledges that the Union has not and will not file any complaints, charges, or other proceedings against Producer, its successors, licenses and/or assignees, with any agency, court, administrative body, or in any forum, on condition that payment in full is made pursuant to the terms of this Settlement Agreement.

*Id.* at 254. In reaching the conclusion that a bona fide dispute existed, we emphasized the union representative's inability to "determine whether or not Appellants worked on the days they claimed they had worked[.]" *Id.* at 255.

In the instant action, the settlement containing the release of future claims derived from a state court action centered upon a disputed non-compete agreement. Nevertheless, the district court concluded that the release validly barred the plaintiffs' subsequent FLSA claims because the topic of unpaid wages for commissions and salary arose in the settlement negotiations. The district court found that at the time of the settlement discussions regarding the unpaid wages, the plaintiffs were aware of their claims for unpaid overtime because they had signed consent forms to join the instant lawsuit. However, the plaintiffs chose, at that time, to remain silent about their overtime claims. The district court concluded that the overall "bona fide dispute" as to wages (which focused on wages for commissions and salary), could have included the claims for overtime wages, but for the plaintiffs' silence. And for that reason, the district court held that the plaintiffs are now barred from claiming that the compromise resulting from their bona fide dispute over wages did not encompass their claim for unpaid overtime.

The plaintiffs contend on appeal that the district court erred in extending *Martin*'s limited holding to the circumstances of this case. The plaintiffs point out that in *Martin* the settlement was reached in response to the filing of a FLSA lawsuit, as opposed to the state court action concerning a non-compete agreement that is present in this case. The plaintiffs further emphasize that

in *Martin*, the parties specifically disputed the amounts due and the number of *overtime* hours claimed under the FLSA. The plaintiffs maintain that because they did not receive any FLSA compensation for unpaid overtime in the state court settlement, the rationale set out in *Martin*, does not apply to this case. The defendants argue that since the state court settlement resolved a bona fide dispute about hours worked and compensation due in a general sense, the release of a claim for unpaid overtime is valid, even if brought under the FLSA. The defendants state that if the plaintiffs wished to bring a subsequent FLSA claim, they should have carved that claim out of the settlement agreement.

The plaintiffs have the stronger argument on this issue. The general rule establishes that FLSA claims (for unpaid overtime, in this case) cannot be waived. *See Brooklyn Sav. Bank*, 324 U.S. at 706–08. Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited. *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, *in a suit brought by the employees under the FLSA*, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.") (emphasis added); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded by regulation on other grounds as stated in Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312 (4th Cir. 2011) ("[U]nder the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims.").

Nevertheless, we have excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed. *See Martin*, 688 F.3d at 255. In doing so, we reasoned that such an exception would not undermine the purpose of the FLSA because the plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours. *Id.* at 257. The *Martin* exception does not apply to the instant case because not only did the prior state court action not involve the FLSA, the parties never discussed overtime compensation or the FLSA in their settlement negotiations. Therefore, there was no factual development of the number of unpaid overtime hours nor of compensation due for unpaid overtime. To deem the plaintiffs as having fairly bargained away unmentioned overtime pay based on a settlement that involves a compromise over wages due for commissions and salary would subvert the purpose of the FLSA: namely, in this case, the protection of the right to overtime pay. Under these circumstances where overtime pay was never specifically negotiated, there is no guarantee that the plaintiffs have been or will be compensated for the overtime wages they are allegedly due under the Act.

Accordingly, we hold that the absence of any mention or factual development of any claim of unpaid overtime compensation in the state court settlement negotiations precludes a finding that the release resulted from a bona fide dispute under *Martin*. The general prohibition against FLSA waivers applies in this case, and the state court settlement release cannot be enforced against the plaintiffs' FLSA claims.

### III.

Because the district court found the state court settlement agreement enforceable against the plaintiffs' instant FLSA action, it did not reach the defendants' alternative argument that the plaintiffs' FLSA claims are barred

under the theory of res judicata. On appeal, the defendants contend that the state court judgment dismissing their suit with prejudice against the plaintiffs for violation of their noncompetition covenants precludes the plaintiffs' instant FLSA action. Significantly, the state court judgment made no mention of wages but instead concerned only issues related to noncompetition.

When determining the impact of a state court judgment,[5] federal courts apply the res judicata law of that state. *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009). "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).[6] Texas courts have diverged in their determinations of what claims must have been litigated in a prior suit. *Id.* at 629 ("Even if only cases from more recent times are considered, our holdings with respect to res judicata are difficult to reconcile."). However, in *Barr v. Resolution Trust Corp.*, the Texas Supreme Court reaffirmed the "transactional" approach to res judicata and explained that "a subsequent suit will be barred if it arises out of the same subject matter of a previous suit[.]" *Id.* at 631. An action arises from the same subject matter of a previous suit

---

[5] Res judicata principles apply to agreed judgments. *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex. App.–Texarkana 2000, pet. denied.) ("An agreed judgment of dismissal in settlement of a controversy is a judgment on the merits. It too is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation.").

[6] To rely on the affirmative defense of res judicata, a party must show "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

where the same factual matters that made up the gist of the prior action form the factual basis of the subsequent action. *Id.* at 630.

The facts at issue in the state court action between the defendants and the plaintiffs revolved around the plaintiffs' purported violation of a noncompetition agreement. In order to support their claims, the defendants would have needed to show a valid noncompetition agreement and evidence that the plaintiffs solicited TXL clients and employees to leave TXL for its competitor. In the instant FLSA lawsuit, the plaintiffs would need to prove that they worked overtime hours for which they were not compensated. Thus, the two cases do not involve the same subject matter, and the second suit is therefore not barred by res judicata.

## IV.

Because we hold that the generic, broad state court settlement release in this action does not bar the plaintiffs' subsequent FLSA claims and because the alternative defense of res judicata fails, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.