# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2015

Lyle W. Cayce
Clerk

MATTHEW SMITH,

Plaintiff - Appellant

v.

SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT
SERVICES, INCORPORATED, doing business as Sikorsky Aero-Space
Maintenance; UNITED TECHNOLOGIES CORPORATION; PARKER-
HANNIFIN CORPORATION; PARKER AEROSPACE GROUP,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-91

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

While serving in the Texas Army National Guard, Matthew Smith
(Smith) was involved in a helicopter crash on January 12, 2009. On July 26,
2009, Smith was ordered to federal active duty to ensure his ability to receive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20732

medical care at federal military facilities.  His military service ended on March 10, 2012.  Smith filed suit against the manufacturers of the aircraft on January 14, 2014.  On summary judgment, the district court held that the two-year statute of limitations period had expired on Smith's claims.  Smith appeals, arguing that the statute of limitations was tolled during the six-month period between the accident and his order to federal active duty.  We disagree and AFFIRM.

I.

Smith was the pilot of a Blackhawk Helicopter that crashed on January 12, 2009, causing him serious and permanent injuries.  At the time of the accident, Smith was a member of the Texas Army National Guard and was serving under orders pursuant to Title 32, Section 505 of the United States Code.  On July 26, 2009, Smith was ordered to federal active duty under Title 10, Section 12301(h) of the United States Code for the purpose of receiving medical treatment.  Smith's military service ended when he retired on March 10, 2012.  On January 14, 2014, Smith filed suit against the companies who manufactured both the aircraft and its component parts including Sikorsky Aircraft Corporation, Sikorsky Support Services, Inc., United Technologies, Parker-Hannifan Corporation and Parker Aerospace Group (collectively Appellees).

Appellees moved for summary judgment to enforce the two-year statute of limitations against Smith's claims, arguing that the statute of limitations ran during the 194 days from the date of the accident until July 25, 2009 (the Disputed Period).  The parties agree that the federal Servicemembers Civil Relief Act (SCRA), 50 App. U.S.C. §§ 501 *et. seq.*, tolled the statute of limitations from July 26, 2009 until Smith retired from the military on March 10, 2012.  The parties also agree that the statute of limitations ran uninterrupted from March 11, 2012 until Smith filed suit on January 14, 2014.

No. 14-20732

In his summary judgment response, Smith argued that the statute of limitations was tolled during the Disputed Period by either (1) the SCRA, (2) Section 431.017 of the Texas Government Code, tolling limitations for periods of active state military duty, or (3) Section 16.001(a)(2) of the Texas Civil Practice and Remedies Code, tolling limitations during periods in which the claimant is of unsound mind. According to Smith, the statute of limitations did not commence until after he retired from the military on March 10, 2012, making his lawsuit filed on January 14, 2014, timely.

The district court disagreed and granted summary judgment in favor of the Appellees. Recognizing that it was undisputed that Smith was on full-time National Guard duty under Title 32, Section 505 of the United States Code throughout the Disputed Period, the district court concluded that SCRA's tolling provision does not encompass National Guard service performed pursuant to that title. Further, the district court held that Section 431.017 of the Texas Government Code did not toll the statute of limitations during the Disputed Period, as it is only tolled for an "active state duty" order by the governor of Texas, and National Guard duty ordered by the Army pursuant to Title 32, Section 505 is not "active state duty" under the statute. Lastly, the district court determined that Section 16.001(a)(2) of the Texas Civil Practice and Remedies Code did not render Smith's lawsuit timely because, at best, evidence on the summary judgment record potentially raised a fact issue as to Plaintiff's mental capacity for only the first 17 days of the Disputed Period, which would not cure the timeliness of the complaint. As such, summary judgment was granted in favor of the Appellees.

Following the entry of summary judgment, Smith filed a motion to modify and/or correct the judgment, motion for relief from summary judgment, and a motion for reconsideration (collectively, the Motion to Reconsider) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, wherein he

No. 14-20732

argued that a definition of "active state duty" found in Chapter 432 of the Texas Government Code should be applied to Section 431.017. He also sought reconsideration of his claim that he was entitled to SCRA tolling. Smith did not seek reconsideration of the district court's disposal of his "unsound mind" argument. The district court denied Smith's motion for reconsideration, dismissing his claims. Smith timely appealed.

## II.

Rule 59(e) rulings are generally reviewed for abuse of discretion. *See Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 247 (5th Cir. 2006) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). However, "[b]ecause the district court considered the merits of the Rule 59(e) motion and still granted summary judgment, we review the . . . issue under the familiar summary-judgment standard of *de novo*," *Am. Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 287 (5th Cir. 2009), viewing the evidence and drawing all references in the light most favorable to the non-movant. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162 (5th Cir. 2015) (citation omitted). We review all of Kinney's claims de novo.

The SCRA tolls "any action or proceeding in a court . . . by or against the servicemember." 50 App. U.S.C. § 526. "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action . . . by or against the servicemember . . . ." 50 App. U.S.C. 526(a). Under the SCRA, "military service" by a member of the National Guard includes those who (1) have been activated as members of the federal armed service under Title 10 or (2) are serving under a "call to service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days" to respond to a national emergency. 50 App. U.S.C. § 511(2)(A)(ii). Further, "active duty" military service "does not include full-time National Guard duty." 10 U.S.C. § 101(d)(1).

4

No. 14-20732

In the Motion to Reconsider, Smith argued the district court erred by ruling that the SCRA and Section 431.017 did not toll the statute of limitations during the Disputed Period. We disagree. The record reflects, and Smith's sworn testimony also confirms, that he was serving in the National Guard during the Disputed Period pursuant to Title 32 and not Title 10. Further, he was not under a call to active service to respond to a national emergency during that time. Smith argues that on January 28, 2009, he was "attached" to Company C Warrior Transition Battalion by the Department of the Army, and this attachment altered his status from Title 32 to Title 10 service. However, the district court did not abuse its discretion in disregarding this argument, as there are no documents in the record that support this contention. In fact, Smith stated under oath that during the time he was attached to Warrior Transition Unit pursuant to the January 28, 2009, order, he was "still on Title 32 Orders." Additionally, the January 28, 2009, order was not newly discovered evidence, as it was attached to Smith's response to the Appellees' motion for summary judgment. Thus, we agree that Smith is not entitled to SCRA tolling.

Smith also argued in the Motion to Reconsider that he was entitled to tolling pursuant to § 431.017 of the Texas Government Code. Throughout the relevant time period, § 431.017[1] provided that a member of the state military forces who is ordered to active state duty "by the governor or by other proper authority" under Texas law is entitled to the benefits provided by the [SCRA]." Tex. Gov't Code § 431.017. The Governor is authorized to order a member of the state military forces to active duty to prevent or suppress an invasion or insurrection within the state, "if the governor considers it necessary to enforce

---

[1] Section 431.017 of the Texas Government Code was renumbered in 2013. The current version of the statute is found in Section 437.213 of the Texas Government Code.

state law," to assist civil authorities with guarding or relocating prisoners within the state, or "executing the law as the public interest or public safety requires." *Id*. at § 431.111(a), (b). The district court properly held that none of the aforementioned circumstances applied to Smith's National Guard service. Instead, Smith's service involved work in the recruiting and retention office, and he served under orders to active duty for special work (ADSW) pursuant to § 505 of Title 32 of the United States Code. ADSW status and state active duty (SAD) status are mutually exclusive, as National Guard members called to SAD will be immediately released from ADSW. There is no documentation on the record indicating that Smith was ever called to SAD.

Smith argues that the district court erred because it should have used the "active state duty" definition found in Chapter 432 of the Texas Government Code, which defines the term as "duty authorized under the constitution and laws of the state and all training authorized under Title 32, United States Code." Tex. Gov't Code § 432.001(2). However, the specific language of § 432.001 provides that its definitions apply only "in this chapter" but does not mention Chapter 431, the chapter in which the tolling provision urged by Smith is within. As such, we agree that Smith was not entitled to tolling pursuant to § 431.017.

## III.

Turning now to Kinney's final claim, Section 16.001(a)(2) of the Texas Civil Practice and Remedies Code allows tolling of a limitations period if a person is of "unsound mind." "Persons of 'unsound mind' have been equated with 'persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs.'" *Aduddle v. Body*, 277 F. App'x 459, 461 (5th Cir. 2008) (per curiam) (citing *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App.—Austin 1995, no writ)). Tolling based on

unsound mind requires either "(1) specific evidence that would enable the court to find that the incompetent person did not have the mental capacity to pursue litigation, or (2) a fact-based expert opinion to that effect." *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (internal quotation marks and citation omitted).

Smith argues that, based on his wife's (Mrs. Smith) sworn declaration, he was of unsound mind during the Disputed Period. Mrs. Smith's declaration states that during the Disputed Period Smith was heavily medicated, was delusional on three separate occasions (once where he forgot about the birth of his first child), and had difficulty sleeping and lapses in memory. However, Mrs. Smith fails to explain how and to what extent the medications rendered Smith unable to comprehend his legal rights. *See Gibson v. Houston Launch Pad*, 378 F. App'x 399, 400 (5th Cir. 2010) (per curiam) (affirming dismissal of claims as time-barred over § 16.001(a)(2) argument where Plaintiff offered evidence that he "might have suffered serious mental afflictions that were treated with psychoactive medications" without evidence of the effect of those mental conditions and medications on his ability to manage his affairs).

Further, the evidence alleged in Mrs. Smith's declaration directly conflicts with the medical evidence in the record from several of Smith's healthcare providers. These medical records state that although Smith was experiencing some short term recall eight days after the crash, he also commented on his happiness about the birth of his daughter and denied having any mood changes or amnesia. The medical reports also stated that Smith was alert and oriented to the place, day, and year, and his thought processes were logical, linear, and goal-oriented. Even the medical records from January 27, 2009, February 24, 2009, April 14, 2009, and April 22, 2009, reflected that Smith was doing well, discussed his daughter, indicated understanding when discussing treatments, and expressed complex ideas and feelings. Further, on

No. 14-20732

May 26, 2009, Smith reported that he had no problem concentrating, did not suffer from anxiety or depression, and indicated understanding regarding his medications and treatment. This medical evidence coupled with Mrs. Smith's declaration, even when viewed in the light most favorable to Smith, does not establish that Smith was incompetent such that he could not pursue litigation. *See Freeman*, 53 S.W.3d at 713. Thus, we agree with the district court's grant of summary judgment on this issue.

We AFFIRM.