# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 06-20839
Summary Calendar

SHEENA MORGAN, and Minor

Plaintiff-Appellant

v.

STATE OF TEXAS; CITY OF PLANO; CITY OF MCKINNEY; COUNTY OF
COLLIN; COURT 199; COURT 211; COLLIN COUNTY SCHOOL DISTRICT,
and Public and Private Elementary Schools; COUNTY OF DENTON; CITY
OF DENTON; CITY OF FRISCO; COUNTY OF DALLAS; CITY OF DALLAS;
CITY OF ADDISON; CITY OF ARLINGTON; COUNTY OF TARRANT;
COUNTY OF WITCHITA FALLS; CITY OF WITCHITA FALLS; COUNTY
OF BELTON; CITY OF KILLEEN; CITY OF HOUSTON; COUNTY OF
TRAVIS; CITY OF AUSTIN; AMERICAN BAR ASSOCIATION;
SACRAMENTO COUNTY; PLACER COUNTY; STATE OF CALIFORNIA;
FEDERAL BUREAU OF INVESTIGATION; UNITED STATES JUSTICE
DEPARTMENT; DOES I THROUGH XXX

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:06-CV-2068

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This appeal arises from the district court's dismissal with prejudice of Sheena Morgan's ("Morgan") civil rights action against numerous state, federal, and private defendants. For the following reasons, we AFFIRM the judgment of the district court against Morgan.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Morgan, proceeding pro se, filed this 42 U.S.C. § 1983 action against numerous governmental and private entities on May 24, 2006, bringing twenty-four causes of action including constitutional violations, medical malpractice, custody disputes, negligence, and more. Many of her causes of action concern the government's alleged activity or inactivity with respect to Morgan's custody of an unnamed minor, allegations of abuse impacting the custody arrangement, and Morgan's own arrest and imprisonment. Morgan purportedly filed suit on behalf of herself and the unnamed minor.

Review of Morgan's complaint reveals that her causes of action are based on events that allegedly occurred between 2000 and 2003. As a result, the district court sua sponte ordered Morgan to show cause why her claims should not be dismissed as time-barred. The district court also ordered Morgan to provide the date of birth of the unnamed minor and to identify what claims she was bringing on behalf of the minor and the factual bases for any such claims. In response, Morgan asserted that she was unaware of the statute of limitations. She further asserted that she did not want to reveal any circumstances regarding the minor in order to protect the minor's privacy. The district court expressed sympathy, but dismissed the action with prejudice on July 21, 2006. Morgan appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

Morgan has brought all of her claims under 42 U.S.C. § 1983. With respect to § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts. Bourdais v. New Orleans City, 485 F.3d 294, 298 (5th Cir. 2007). In Texas, the applicable limitations period for Morgan's causes of action is either one or two years, depending on the specific claim. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.002(a), 16.003(a) (Vernon 2002 & Supp. 2006); see also Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006). In this case, all of Morgan's claims concern events that occurred between 2000 and 2003, which is more than two years before she filed suit.[1] Morgan has made no arguments to the contrary on appeal. Accordingly, Morgan's § 1983 claims are time-barred, and the district court correctly dismissed them.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court against Morgan.[2]

AFFIRMED.

---

[1] In Paragraphs 93 and 105 of her complaint, Morgan does assert that she was denied legal representation from 2000 to the present; however, she does not identify any legal proceedings that occurred after 2003 in which she could have been denied legal representation. While we are to construe pro se pleadings liberally, conclusory allegations or legal conclusions masquerading as factual conclusions are not sufficient to prevent dismissal. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Therefore, as there are no factual allegations to support her claims regarding the denial of legal representation after 2003, those claims do not provide a basis for maintaining this suit.

[2] We note that the district court purported to dismiss the claims of the unnamed minor with prejudice. However, because Morgan was proceeding pro se, she had no authority to bring claims on behalf of the minor. See Johnson v. Lufkin Daily News, 48 F. App'x 917, 917 (5th Cir. 2002) (unpublished) (per curiam) (holding that father could not proceed pro se on behalf of his wife and her child); see also Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-25 (2d Cir. 1998) (per curiam) (raising the issue sua sponte and holding that father could not appear pro se on behalf of his child). Therefore, the district court's judgment should not be considered binding with respect to the minor.