# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2013

No. 13-10175
Summary Calendar

Lyle W. Cayce
Clerk

SHEMIKA D. SPRAGUE, Individual and Next Friend of Minor Child G.S.,

Plaintiff - Appellant

v.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; JOE BILL
JONES; CHRISTINE E. CLARDY; PAM S. POLLARD; ELIZABETH
TAYLOR; KRISTYN GONZALES; CONNIE DAVIS;GEORGANNA ECKER;
RUDY RIVAS,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-30

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Shemika D. Sprague appeals the district court's dismissal of her suit brought pursuant to 42 U.S.C. § 1983 on behalf of herself and as next friend of her minor child. The complaint also alleged violations of Texas law. Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10175

Sprague filed the instant suit against the Texas Department of Family and Protective Services ("DFPS") and eight DFPS employees in both their official and individual capacities. Previously, Sprague had filed suit against the instant defendants,[1] making the same factual allegations that are contained in the instant suit. In the previous suit, the district court dismissed the federal claims with prejudice and the relevant state law claims were dismissed without prejudice. Thus, in the instant suit, the district court held that Sprague's federal claims are barred by res judicata. Sprague does not challenge that ruling on appeal. Indeed, Sprague's brief "assume[s] that the district court's findings were correct as to any *federal claims* Sprague seeks on her *own* behalf to litigate in the second action." Brief at 18 (emphasis in original).

### Claims Brought as "Next Friend"

Sprague contends that the district court erred in ruling that she was not qualified to assert claims on behalf of her minor child as a "next friend." Sprague relies on Rule 17(c)(2) of the Federal Rules of Civil Procedure, which provides in pertinent part that: "A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." We affirm the district court's ruling on the narrow ground that because Sprague is proceeding *pro se*, she may not assert claims on behalf of her minor child.[2]

---

[1]  Sprague added one defendant, Rudy Rivas, to the instant lawsuit that was not named in the previous suit. The district court found that Rivas "was and is in privity with one or more named defendant employers in the first action." Sprague does not challenge that ruling on appeal.

[2]  Sprague contends that the district court erred by considering matters outside the pleadings in its determination that Sprague was not qualified to bring the suit as "next friend" for her minor child. We need not reach this contention because we conclude that Sprague may not bring the suit as "next friend" solely on the ground that she is proceeding *pro se*.

No. 13-10175

In federal court, parties are guaranteed by statute the right to proceed *pro se*. *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"). However, this Court has held that a party could not proceed *pro se* on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child. *Johnson v. Lufkin Daily News*, 48 F. App'x 917 (5th Cir. 2002) (citing § 1654); *see also Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (noting that because the plaintiff was proceeding *pro se*, she did not have the authority to assert claims on behalf of the minor child); *Aduddle v. Body*, 277 F. App'x 459 (5th Cir. 2008) (holding that even assuming the grandfather was the legal guardian of the grandchild, because he was not an attorney, he did not have the authority to represent her on a *pro se* basis). Indeed, the "vast majority of our sister circuits" have held that "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Public Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (string cite omitted). Nonetheless, we have recognized an exception to this rule, allowing parents to bring suit *pro se* on behalf of minor children in an attempt to secure social security benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). In *Harris*, we distinguished social security proceedings from the general rule, stating that the minors' rights would be adequately protected without legal counsel because those proceedings "essentially involve the review of an administrative record." *Id.*; *see also Machadio v. Apfel,* 276 F.3d 103, 107 (2d Cir. 2002) (allowing a non-attorney parent to represent a minor child in a social security appeal if the parent has a sufficient interest in the case and meets basic standards of competence). In contrast, we are aware of "no comparable exception [that] has ever been [expressly] recognized for a lawsuit based on § 1983 or general state tort law," which are the claims brought in the instant lawsuit. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Thus, because Sprague was proceeding *pro se*, we hold

No. 13-10175

that the district court did not abuse its discretion in dismissing without prejudice the claims Sprague brought as "next friend" on behalf of her minor child.

### Sprague's State Law Claims

The only remaining claims before us are the state law claims that Sprague brought on her own behalf.[3] The district court declined to exercise its supplemental jurisdiction over Sprague's pendent state law claims and dismissed them without prejudice. This Court reviews the decision to decline to exercise supplemental jurisdiction for an abuse of discretion. *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 631 (5th Cir. 2008). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, if all the federal law claims are dismissed prior to trial, a district court should dismiss the state law claims. *Robertson v. Neuromedical Center,* 161 F.3d 292, 296 (5th Cir. 1998). Further, "the dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (emphasis in original). As set forth above, the district court had previously dismissed all the claims over which it had original jurisdiction. Thus, Sprague has failed to show that the district court abused its "wide" discretion in declining to exercise its supplemental jurisdiction over Sprague's pendent state law claims. *Robertson,* 161 F.3d at 296.

For the above stated reasons, the district court's judgment is AFFIRMED.

---

[3] Sprague contends that the district court erred in holding that her state law claims were barred by res judicata; however, the district court did not hold that her state law claims were barred by res judicata. Instead, the court declined to exercise supplemental jurisdiction over her state law claims and dismissed those claims without prejudice, opining that if "Plaintiffs wish to pursue those claims they must do so in state court."