# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40644

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

FREDDIE LEE FOUNTAIN,

Plaintiff-Appellant

v.

RICK THALER, Director, TDCJ-CID, in his Individual and Official Capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-145

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Freddie Lee Fountain, Texas prisoner # 1640115, has filed a motion for leave to proceed in forma pauperis (IFP) to appeal the district court's judgment dismissing his civil rights complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). He has also filed a motion for the appointment of appellate counsel. The district court denied Fountain's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Fountain is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Fountain filed suit on behalf of himself and his minor daughter Robin J. Fountain (Robin) against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).  He alleged that Thaler violated his and Robin's constitutional rights by establishing and/or enforcing TDCJ policies that deprived him of adequate indigent general correspondence supplies and postage.  Specifically, he alleged that the TDCJ's policy limiting the use of indigent postage to five one-ounce general correspondence letters per month conflicted with other TDCJ policies and violated his and Robin's First Amendment right to free speech and Fourteenth Amendment due process right to a parent/child relationship.  Fountain also alleged that the TDCJ's policy subjected him to cruel and unusual punishment in violation of the Eighth Amendment and substantially burdened the practice of his religion in violation of the First Amendment and the Religious Land and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc.

According to Fountain, the district court committed multiple, substantial errors when it dismissed his complaint.  He argues that the district court erred in concluding that his claims based on the RLUIPA and the First and Fourteenth Amendments were frivolous and failed to state a claim upon which relief may be granted.  He also argues that the district court erred in dismissing his complaint without addressing his Eighth Amendment claim or Robin's claims, denying his motion for a preliminary injunction, and denying his motion for the appointment of counsel.  Finally, Fountain argues that: (1) the magistrate judge lacked jurisdiction to conduct the *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing and issue the report and recommendation; (2) the magistrate and district court judges were biased and

prejudiced against him; (3) the district court dismissed his complaint without affording him an opportunity to fully develop the factual and legal bases of his claims; and (4) the magistrate judge and district court disregarded his jury demand.

Prison regulations that encroach on fundamental constitutional rights are reviewed under the standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987). *See Prison Legal News v. Livingston*, 683 F.3d 201, 214-15 (5th Cir. 2012); *DeMoss v. Crain*, 636 F.3d 145, 156 (5th Cir. 2011). A prison regulation "is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. The district court did not analyze Fountain's First and Fourteenth Amendment claims under the framework set forth in *Turner*. Because Thaler did not file a responsive pleading and there is no transcript of the *Spears* hearing, the record is not sufficiently developed to determine whether the challenged policy was reasonably related to a legitimate and neutral penological interest. *See Turner*, 482 U.S. at 89. Further, accepting Fountain's allegations as true, they were sufficient to state a claim under the First and Fourteenth Amendments. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Therefore, the district court erred in dismissing these claims pursuant to § 1915A(b)(1).

Although the district court did not address Fountain's Eighth Amendment claim, it implicitly concluded that the claim was frivolous and failed to state a claim upon which relief may be granted. Because the record is not sufficiently developed on this issue and Fountain's Eighth Amendment claim is intertwined with the merits of his First and Fourteenth Amendment claims, the district court erred in summarily dismissing the claim pursuant to § 1915A(b)(1).

No. 14-40644

The district court also erred in dismissing Fountain's RLUIPA claim pursuant to § 1915A(b)(1). Although Fountain did not specifically allege in his complaint that he was confined in administrative segregation, he did allege that his only means of exercising and growing in his religion was through the mail because he could not attend church and chaplains and pastors did not visit his cell each week. He also alleged that the TDCJ's policy repeatedly forced him to choose between corresponding with Robin and practicing his religion. Accepting Fountain's allegations as true, they were sufficient to state a claim under the RLUIPA. *See Adkins v. Kaspar*, 393 F.3d 559, 567-71 (5th Cir. 2004); *Harris*, 198 F.3d at 156.

Moreover, Fountain's allegations that Thaler knowingly and maliciously established and/or enforced the TDCJ policy that deprived him of adequate indigent general correspondence supplies and postage in violation of the First, Fourteenth, and Eighth Amendments were sufficient to state a claim against Thaler. *See Harris*, 198 F.3d at 156; *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987). Therefore, the district court erred in dismissing Fountain's claims against Thaler pursuant to § 1915A(b)(1).

Fountain's remaining arguments, however, lack merit. Because Fountain was proceeding pro se, he did not have the authority to bring claims on behalf of Robin. *See Sprague v. Dep't of Family and Protective Services*, 547 F. App'x 507, 508 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1339 (2014). His allegations that TDCJ officials denied him access to the courts are belied by his prolific filings in both the district court and this court, and he cannot show that the district court abused its discretion by denying his motion for a preliminary injunction. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The district court's denial of his motion for the appointment of counsel

4

was not an abuse of discretion because he failed to set forth exceptional circumstances warranting the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The magistrate judge was authorized to conduct the *Spears* hearing and issue the report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Fountain's allegations of bias and prejudice stem from the magistrate and district court judges' actions in the course of judicial proceedings, and the record does not reflect that either judge displayed a deep-seated antagonism against him that would have made a fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). The record reflects that Fountain was afforded an opportunity to develop his factual allegations and plead his best case. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). Finally, the district court was authorized by statute to dismiss the suit upon a finding that Fountain's claims were frivolous or failed to state a claim. *See* § 1915A(a), (b)(1). Because a jury has no role as a factfinder in such dismissals, the district court did not violate Fountain's right to a jury trial. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

In light of the foregoing, the district court's certification that Fountain's appeal was not taken in good faith is erroneous. Whether the facts ultimately establish a claim against Thaler under the RLUIPA or the First, Fourteenth, and Eighth Amendments is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220-21 (5th Cir. 1983). Accordingly, Fountain's motion to proceed IFP on appeal is granted. The district court's judgment is vacated in part and remanded for further proceedings. The district court's judgment is affirmed with respect to all other issues. Fountain's motion for the appointment of appellate counsel is denied as unnecessary.

No. 14-40644

IFP MOTION GRANTED; APPOINTMENT OF COUNSEL MOTION DENIED; JUDGMENT AFFIRMED IN PART, VACATED AND REMANDED IN PART.