# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 19-20259
Summary Calendar

---

JOHN TARPLEY; NICOLE TARPLEY; L. T. S.; N. L. T.; J. W. T., JR.; D. A. T.,

*Plaintiffs—Appellants*,

*versus*

PAMELA MCCLAIN; PATRICIA MANNING; CRYSTAL ETUK; DOES 1-10,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-359

---

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

No. 19-20259

Pᴇʀ Cᴜʀɪᴀᴍ:*

John and Nicole Tarpley appeal the district court's dismissal of their 42 U.S.C. § 1983 action.[1] The district court dismissed the suit because it found that the claims against social workers Pamela McClain and Crystal Etuk were barred by qualified and absolute immunity, respectively.

We review a district court's grant of a motion to dismiss *de novo*. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). When a defendant asserts qualified immunity, the plaintiff has the burden of proving that the defense is inapplicable. *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012). To do so, the plaintiff must demonstrate that the defendant violated the plaintiff's constitutional rights *and* that the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Id.* Based upon the factual admissions in the First Amended Complaint, the district court found that McClain's conduct was objectively reasonable. As a result, it concluded that the Tarpleys failed to overcome McClain's qualified immunity defense.

The First Amended Complaint states that John Tarpley was twice transported to the hospital for mental evaluations and inpatient treatment. Both incidents involved alcohol and threats to commit suicide. The First

---

* Pursuant to 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5.4.

[1] There appears to be some confusion as to precisely who appealed the district court's decision. Initially, only Nicole Tarpley's name appears on the briefs. But John Tarpley's name appears, with Nicole's, on the signature pages. Neither of them can represent their children on appeal because, even if both John and Nicole Tarpley appealed, each of them would be proceeding *pro se*. *See Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (per curiam); *Johnson v. Lufkin Daily News*, 48 F. App'x 917, 917 (5th Cir. 2002) (per curiam). Similarly, Nicole Tarpley cannot represent John Tarpley *pro se* on appeal. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). However, the court will address the merits of the appeal in the event that John Tarpley also appealed the lower court's decision on his own behalf.

No. 19-20259

Amended Complaint next alleges that, following the second incident, McClain opened an investigation into the welfare of the Tarpley children, which resulted in a "demand" that John Tarpley enroll in a 90-day alcohol treatment program before he returned home to his family. Allegedly, McClain further "threatened" him by insisting that he sign a safety plan if he did not want his children to be removed from his household, and also sent officers to the Tarpleys' home to conduct a "welfare check." Finally, the First Amended Complaint states that McClain submitted a sworn affidavit in support of an emergency motion to remove John Tarpley's children from his home.

John Tarpley fails to provide this court with any reason to believe McClain's conduct was objectively unreasonable. By his own admissions, John Tarpley twice threatened suicide while drinking. His wife, Nicole, "took him to a psychiatric hospital where" *she* "convinced a police officer to have him admitted for evaluation." His only contention as to why McClain's behavior was unreasonable is that his children did not know of these incidents at the time. This is insufficient to carry his burden. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994) ("[Appellants] cannot prevail with mere conclusory statements evidencing only a personal belief that the defendants were motivated by an impermissible animus."). Therefore, the district court was correct in concluding that the Tarpleys failed to overcome McClain's qualified immunity defense.

Additionally, the district court found that Etuk was protected by absolute immunity. Because all of Tarpley's claims against Etuk arise out of Etuk's witness testimony at a child-custody hearing, we agree. *See Stem v. Ahearn*, 908 F.2d 1, 6 (5th Cir. 1990) ("[O]ffering adverse judicial testimony at a child-custody hearing does not implicate due process concerns and, further, it constitutes witness testimony that is absolutely immune from

No. 19-20259

section 1983 liability." (citing *Briscoe v. LaHue*, 460 U.S. 325, 342–47 (1960))).

AFFIRMED.