# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2021

Lyle W. Cayce
Clerk

No. 19-30468

Clifford C. Abshire, III,

*Plaintiff—Appellant*,

*versus*

Mailroom, Raymond Laborde Correctional Center;
Louisiana Department of Public Safety and
Corrections; James Longino; Lieutenant Mitchell;
James LeBlanc,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1636

Before King, Dennis, and Ho, *Circuit Judges*.

Per Curiam:[*]

Clifford C. Abshire, III, Louisiana prisoner # 439164, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint. Construed liberally, Abshire's complaint alleges that prison officials violated

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his rights under the First and Fourteenth Amendments by rejecting two pieces of his incoming mail without any valid penological reason; by failing to notify him of the rejection and afford him the opportunity to object; and by maintaining the policies that resulted in these actions. The district court dismissed Abshire's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), concluding that they were frivolous and failed to state a constitutional claim. We review the dismissal of a claim as frivolous for an abuse of discretion and a dismissal for failure to state a claim *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Construed liberally in light of his other pleadings, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Abshire's allegations are neither fanciful, irrational, nor conclusively contradicted by the record, *see Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992), and, as discussed further below, Abshire's First Amendment and related due process claims are not based on indisputably meritless legal theories, *see Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). Thus, they are not frivolous.

As for Abshire's ability to plausibly state a claim for relief, his complaint may be liberally construed as seeking nominal or punitive damages, and such damages are not barred by 42 U.S.C. § 1997e(e), the provision of the Prison Litigation Reform Act that prohibits an award of compensatory damages in a prisoner's civil action where there is an absence of physical injury. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007). Furthermore, the policies and acts that Abshire challenges arguably violated his First Amendment and Fourteenth Amendment due process rights.

Prisoners retain First Amendment free speech rights that are consistent "with the legitimate penological objectives of the corrections system." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal

quotation marks and citations omitted).  Thus, the right to free speech protects a prisoner from mail censorship that is not "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Brewer*, 3 F.3d at 823-25 & n.9.  Prisoners and their correspondents also have a liberty interest in uncensored communication that is protected by the Due Process Clause of the Fourteenth Amendment, which is "qualified of necessity by the circumstance of imprisonment." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401.  Therefore, both senders and addressees are entitled to certain procedural due process protections, including notice of rejected mail and an opportunity to be heard. *See id.* at 417-19; *Prison Legal News v. Livingston*, 683 F.3d 201, 222 (5th Cir. 2012).  The district court did not address these authorities when dismissing Abshire's complaint.

The alleged failure to notify Abshire of the rejection of his incoming mail and to give him an opportunity to appeal the decision appears to state a valid claim for a violation of Fourteenth Amendment procedural due process. *See Soto v. Brock*, 795 F. App'x 246, 250 (5th Cir. 2019) (unpublished) (affirming denial of qualified immunity on the ground that rejecting prisoner's mail without notice or an opportunity to object violated clearly established procedural due process rights).[1]  The record is not currently developed enough to determine whether the substantive policies Abshire complains of and their application in this circumstance serve a legitimate penological interest, and so Abshire's separate First Amendment claims, too, may not be dismissed at this point in the litigation, though reassessment may

---

[1] Although these unpublished cases are not binding, they are persuasive and instructive authority. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

be necessary as the case progresses. *See Fountain v. Thaler*, 629 F. App'x 592, 594 (5th Cir. 2015) (unpublished) (holding that district court erred by dismissing prisoner's claim that prison's mail policy violated the First Amendment before the record was "sufficiently developed to determine whether the challenged policy was reasonably related to a legitimate and neutral penological interest." (citing *Turner*, 482 U.S. at 89)).

Because Abshire's complaint was not frivolous and stated plausible First and Fourteenth Amendment claims that were not barred by 42 U.S.C. § 1997e(e), we VACATE the district court's dismissal and REMAND for further proceedings.

Abshire also challenges the denial of several motions. Abshire did not appeal the magistrate judge's denial of his motions to compel and for default judgment to the district court. Accordingly, these issues are not properly before this court and will not be considered. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987). Abshire presented no authority that would allow him to assert claims or seek relief on behalf of E.S., a minor, or establish that he could adequately represent her legal interests given his pro se status. *See Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 26-27 (5th Cir. 1989). Accordingly, the district court did not abuse its discretion in denying him leave to amend the complaint to add her as a plaintiff or in denying him a preliminary injunction on her behalf. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001). We therefore AFFIRM the district court's denials of Abshire's motions for leave to amend and for a preliminary injunction.

VACATED and REMANDED in part; AFFIRMED in part.